UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL JOHNSON | * | CIVIL ACTION NO. 24-CV-02257 |
| | * | |
| VERSUS | * | JUDGE AFRICK |
| | * | |
| OFFSHORE SERVICE VESSELS, | * | MAGISTRATE ROBY |
| L.L.C., ET AL | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS AND FOR SANCTIONS

MAY IT PLEASE THE COURT:

### I. INTRODUCTION

The Court should dismiss this case with prejudice because the plaintiff, Daniel Johnson,

knowingly concealed a longstanding history of lower back problems and ongoing medical

treatment while under oath in an effort to achieve financial gain at the expense of the defendants.

The evidence submitted herewith demonstrates a pattern of deceit which began immediately after

Johnson's alleged accident on the M/V LANEY CHOUEST and continued with false testimony

while under oath regarding his prior medical history, treatment, and pain complaints associated

with his lower back. According to medical records uncovered during discovery, Johnson has a

documented history of low back complaints and treatment which are essentially identical to the

low back injury claimed in this lawsuit.[1] His low back complaints and treatment were ongoing

in October of 2020 and continued through July of 2023, only six months before his unwitnessed

accident, all of which he either denied or claimed "not to remember" during his deposition.

---

[1] The Exhibits attached to this Motion contain highlighted copies of the documents for ease of reference.

The defendants do not file this Motion lightly and without recognizing the severe sanction that might result. However, the plaintiff's efforts to conceal his preexisting lower back pain and treatment through discovery were substantial and deliberate. The plaintiff's misconduct is so severe and egregious that the only appropriate sanction for plaintiff's perjury is to dismiss this case with prejudice as a punishment to deter further litigants from engaging in such conduct, and to preserve the integrity of this Honorable Court and the civil justice system.

## II.  BACKGROUND – PLAINTIFF'S CLAIMS

Daniel Johnson, an offshore cook employed with MAKO Catering, filed the instant lawsuit alleging injuries to his head, neck, and lower back as a result of an unwitnessed incident which allegedly occurred on December 24, 2023 while working aboard the M/V LANEY CHOUEST, a 348-foot Multi-Purpose Offshore Supply Vessel. Johnson began his employment with MAKO Catering just four months prior to the incident after denying any history of prior back pain during a pre-employment physical assessment at SouthStar Urgent Care.[2] He also completed a Second Injury Fund Questionnaire at the request of MAKO in which he denied "ever" having any back trouble or physical limitations.[3] He now alleges in this lawsuit that while cooking alone in the galley of the M/V LANEY CHOUEST, the vessel encountered rough seas and "suddenly and *without warning*, hit a tailspin, throwing plaintiff into a cooler door and slamming his head and back into it".[4] Witnesses have testified under oath Johnson was directly warned by the mate via the vessel's internal telephone of the upcoming turn while conducting

---

[2] Exhibit "A", Certified Records from SouthStar Urgent Care, OSV 446
[3] Exhibit "B", MAKO Catering personnel file for Daniel Johnson
[4] Rec. Doc. 1, para. 5

"weather patterns" and the entire vessel was later notified of the impending turn over the vessel's PA system by the captain.[5]

Following the incident, Johnson's condition was monitored by the crew of the M/V LANEY CHOUEST and the vessel's shoreside medic after he agreed to remain on the vessel until crew change on the morning of December 27, 2023.[6] When Johnson arrived at the dock in Fourchon, he refused medical care from the C-Port medic and was instead transported home by a representative of MAKO.[7] The following morning, Johnson was evaluated at SouthStar Urgent Care with complaints of head, neck, and lower back pain.[8] He was diagnosed with cervicalgia and low back pain, prescribed Methocarbamol and Meloxicam, and placed on a no-work status until further evaluation.[9]

Since leaving the vessel, Johnson has continuously received treatment for his lower back and ultimately underwent a lumbar decompression surgery at L4-5 with Dr. Najeeb Thomas to address his low back pain which radiated into both legs, primarily on the left side.[10] Throughout the course of his treatment, Johnson has repeatedly denied to his medical providers any history of back symptoms or problems, other than an automobile accident in 2017 that resolved shortly thereafter. For example,

- During his initial post-incident evaluation on December 28, 2023, Johnson denied any prior back pain or injury when questioned regarding his past medical history.[11]

---

[5] Exhibit "C", Deposition of Manuel Rodriguez, pgs. 84-85, 89-91, and 105-107; Exhibit "D", Deposition of Captain Marty Gisclair, pgs. 93-98 and 165; and Exhibit "E", Deposition of Damien Kinsman, pgs. 14-15
[6] Exhibit "C", Deposition of Manuel Rodriguez, pg. 109.
[7] Id. at pg. 66.
[8] Exhibit "A", Certified Records from SouthStar Urgent Care, OSV 462-463
[9] Id. at OSV 464-465
[10] Exhibit "F", Pre-Surgical medical report from Dr. Najeeb Thomas
[11] Exhibit "A", Certified Records from SouthStar Urgent Care, OSV 491

- On March 24, 2024, Johnson was evaluated by orthopedic surgeon, Dr. Jeffrey Pinto, and reported "no prior injury or treatment to his neck or low back."[12]

- On April 15, 2024, Johnson presented to orthopedic surgeon, Dr. Morteza Farr, and reported "no prior history of injuries or issues."[13]

- On April 24, 2024, Johnson presented to chiropractor, Dr. Matthew Laudun, for lumbar spine treatment and reported "no previous injury to affected area."[14]

- On August 7, 2024, Johnson was evaluated by neurosurgeon, Dr. Najeeb Thomas, for his lower back complaints and only reported "a soft tissue injury" as the result of an MVA in 2015 and that "the pain had resolved."[15]

- On January 27, 2025, Johnson was evaluated by Dr. Kevin Watson at the request of defendants and reported "…in 2017, he was rear-ended and has whiplash and has 'soft tissue injuries.' He said he had neck and back pain that eventually cleared."[16]

These statements by Johnson to the medical providers have shown to be false based on the records uncovered by the defendants in a post-accident medical canvas which are discussed in detail below. These false statements do not constitute perjury but demonstrate a deliberate pattern and intent on the part of the plaintiff to conceal his extensive medical history from the medical providers and to support his claims for recovery in this lawsuit.

On September 16, 2024, Johnson filed suit against Offshore Service Vessels, LLC and Martin Davis, the alleged captain of the M/V LANEY CHOUEST at the time of the alleged incident.[17] As a longshoreman receiving benefits under the Longshore and Harbor's Workers' Compensation Act ("LHWCA"), Johnson's lawsuit is premised on a claim of negligence against Offshore Service Vessel's under 33 U.S.C. §905(b) of the LHWCA, which allows a

---

[12] Exhibit "G", Certified Records from Paradigm Health, OSV 322-323
[13] Exhibit "H", Certified Records from La Health Solutions, OSV 2763-2766
[14] Id. at OSV 2752-2756
[15] Exhibit "I", Medical records from Southern Brain and Spine, OSV 251-252
[16] Exhibit "J", SMO report from Dr. Kevin Watson
[17] Rec. Doc. 1

longshoreman, such as Johnson, to bring an action for negligence against a third party vessel owner.[18]  Thus far, the parties have engaged in extensive factual discovery, including the deposition of Daniel Johnson which occurred on January 28, 2025, only three days prior to his lumbar surgery.

### III. LAW AND ARGUMENT

The evidence submitted herewith establishes that Johnson knowingly gave false testimony while under oath in January of 2025 when he denied a longstanding history of lower back pain including a diagnosis of "*acute bilateral low back pain with left-sided sciatica*" in April of 2023, just eight months prior to the accident in question and less than two years before his deposition.  The medical evidence gathered since his deposition contradicts his testimony and leads to the inescapable conclusion the plaintiff provided false testimony under oath concerning a critical issue that goes to the heart of this case, i.e., medical causation, for the purpose of benefiting financially at the expense of the defendants.  False testimony under oath is the type of misconduct that justifies the dismissal of a lawsuit as a sanction for such conduct.

The legal basis for the relief requested by the defendants is provided by the Fifth Circuit Court of Appeals.  A district court has "the inherent authority to impose sanctions for misconduct and to protect the judicial process."[19]  Dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."[20]  Dismissal with prejudice is appropriate "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice."  "[I]t is not a party's

---

[18] Id., para. 2

[19] Domingue v. Jantran, Inc., 2020 WL 5632964 (N.D. Miss. 2020) (citing Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C., 946 F.3d 660, 678 (5th Cir. 2019)).

[20] Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011) (citing Woodson v. Surgitek Inc., 57 F.3d 1406, 1418 (5th Cir. 1995)).

negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice."[21]

In <u>Brown v. Oil States Skagit Smatco</u>, the Fifth Circuit recognized perjury as contumacious conduct.[22] The <u>Brown</u> court affirmed the dismissal of the plaintiff's case for employment discrimination on the basis of perjured testimony during the plaintiff's deposition. Although this specific issue was not before the Court, this Honorable Court has recognized that dismissal with prejudice is an appropriate sanction where a party has committed perjury.[23]

a. <u>Plaintiff's False Deposition Testimony and Contradictory Medical Records</u>

Throughout the course of discovery, defendants have obtained Johnson's past medical records which demonstrate a longstanding history of lower back complaints and treatment that he intentionally concealed in his deposition. During his deposition, Johnson was asked on several occasions if he had any prior injuries, complaints, or treatment involving his lower back. He was able to recall an injury to his lower back as a result of a motor vehicle accident that occurred in 2017. However, when specifically asked whether he had any "other injuries to [his] neck, **low back**, or left shoulder, prior to the incident in 2023", the plaintiff replied "No, just the one in '17. No sir."[24] Plaintiff was asked again:

> Q: "You don't remember having any other treatment or complaints of neck pain, **back pain**, or left shoulder pain, other than in 2017?"
>
> A: "No, sir. That's all. Yes, sir."[25]

---

[21] <u>Taylor v. Consolidated Pipe & Supply Company, Inc.</u>, 2017 WL 3090317 (S.D. Miss. 2017) (citing <u>McNeal v. Papasan</u>, 842 F.2d 787, 792 (5th Cir. 1988)).
[22] <u>Brown,</u> 664 F.3d at 77.
[23] <u>Matter of Aries Marine Corporation</u>, 2023 WL 2241557 (E.D. La. Feb. 27, 2023) (Africk, J.) (citing <u>Brown v. Oil States Skagit Smatco</u>, 664 F.3d 71, 77 (5th Cir. 2011)).
[24] Exhibit "K", Deposition of Daniel Johnson, pg. 113
[25] Id.

Plaintiff was asked a third time:

> Q: "Okay. So we're still accumulating records and I'm going to ask you now, is there any other, is there any other times where you sought medical treatment for your neck, your **back**, or your left shoulder that you recall prior to 2023, the incident on the LANEY CHOUEST, is there any other time that you sought neck or **back** treatment that you remember, other than that one time in 2017?"
>
> A: "No, this – I mean, no, I just, I don't remember, I don't remember. I don't remember."[26]

The questions posed by counsel in Johnson's deposition were pointed and direct. Nevertheless, Johnson knowingly and consciously provided false testimony under oath, and his implausible denial of any recollection of back pain and treatment after 2017 is not credible given the chronicity of his complaints he himself described in the medical records.

Contrary to his sworn testimony, Johnson's certified medical records paint a completely different picture and demonstrate he received treatment for his low back from 2020-2023, a period of nearly four years, prior to the incident:

- On March 10, 2020, Johnson presented to Our Lady of Lourdes Regional Medical Center and complained of back pain which radiated down his left leg.[27] He was diagnosed with mild degenerative disc disease and mild lower lumbar spine facet arthropathy.[28]

- On November 22, 2020, Johnson returned to Our Lady of Lourdes Regional Medical Center for **continued** complaints of back pain and requesting a "pain shot."[29] He was prescribed pain medication, muscle relaxers, and received an injection as requested.[30]

---

[26] Id. at pgs. 118-19
[27] Exhibit "L", Certified Records form Our Lady of Lourdes Regional Medical Center, OSV 817-818
[28] Id. at OSV 821
[29] Id. at OSV 1202
[30] Id. at OSV 1207

- On September 28, 2021, Johnson presented to Pediatric Group of Acadiana for "lower back pain x 2 weeks."[31] As a result of this visit, he was prescribed medication (Flexeril and Mobic) for his "back pain."[32]

- One year later, on September 8, 2022, Johnson was seen at Iberia Comprehensive Community Health Center for a routine follow up at which he complained of **continued** bilateral knee and lower back pain.[33] He also described his employment status as "unable to work" because he experienced pain on a "daily" basis which he rated as a 9 out of 10.[34]

- On March 20, 2023, Johnson was seen at Tulane Medical Center for complaints of left groin pain.[35] As a part of his past medical history, the records indicate Johnson was taking Methocarbamol and Acetaminophen for "chronic back pain," and his additional medical history indicated "neck and back pain."[36]

- On April 17, 2023, approximately eight months prior to the alleged incident which forms the basis of this litigation, Johnson was seen at Iberia Comprehensive Community Health Center for a routine follow up at which time he reported "he has been to ortho and they want him to F/U with PT."[37] He was diagnosed with **acute bilateral low back pain with left-sided sciatica** by the treating physician and referred to Rehab XL to undergo therapy for his lower back pain.[38] (Defendants are continuing their search for these records from the "ortho" who was treating his back, as plaintiff never identified this physician in his deposition or discovery responses.)

The lower back pain that Johnson is now claiming as a result of the alleged incident on December 23, 2023 aboard the M/V LANEY CHOUEST is nearly identical to the lower back pain for which he received treatment during the four years preceding the alleged accident at issue, including the complaint of left-sided sciatica. In fact, Johnson's complaints presented to Dr. Thomas for which surgery was performed are the same complaints which resulted in a

---

[31] Exhibit "M", Certified Records from Medicine Clinic of Acadiana, OSV 3825
[32] Id. at OSV 3826
[33] Exhibit "N", Certified Records from Iberia Comprehensive Community Health Center, OSV 3472
[34] Id. at OSV 3473
[35] Exhibit "O", Certified Records from Tulane Medical Center, OSV 4377
[36] Id. at OSV 4378
[37] "Exhibit "N", Certified Records from Iberia Comprehensive Community Health Center, OSV 3461
[38] Id. at OSV 3462 and 6498

diagnosis of "acute bilateral low back pain with left-sided sciatica" on April 17, 2023, just eight months prior to the alleged incident.

Johnson's ability to recall lower back treatment stemming from a motor vehicle accident in 2017 is a clear indication that he has the mental capacity to recall all the lower back treatment cited above, including identical complaints merely months before the alleged incident. Yet, he chose to lie under oath to conceal critical information concerning more recent back complaints and treatment, including the names of the medical providers who treated this pre-existing condition, for the purposes of financial gain. His failure to disclose this information is deliberate and not a result of confusion or any misunderstanding on his part. The questions presented in the deposition were not vague or unclear about what information the defendants were seeking, and the medical records portray a clear story establishing the plaintiff engaged in deception to conceal his longstanding pre-existing back injuries and treatment in order to achieve financial gain. As such, there is only one conclusion that can be reached based on the evidence now before this Court -- Daniel Johnson provided false testimony under oath committing perjury.

Johnson's willful misstatements are exactly the kind of "stubborn resistance to authority which justifies a dismissal with prejudice."[39] Similar to the facts in the Brown case, defendants submit Johnson "deceitfully provided conflicting testimony in order to further his own pecuniary interests… and, in doing so, undermined the integrity of the judicial process."[40] Through his perjured testimony, Johnson "committed fraud upon the court, and this blatant misconduct constituted contumacious conduct."[41]

---

[39] McNeal, 842 F.2d at 792.
[40] Brown, 664 F.3d at 78.
[41] Id.

After his deposition, defendants obtained Johnson's Social Security Administration records. These records further demonstrate Johnson was fully aware of his prior back treatment and ongoing problems when he chose to commit perjury during his deposition. On June 15, 2023, Johnson received a letter from the Social Security Administration office in connection with his ongoing claim regarding his work capacity and earnings since August of 2022 for purposes of calculating his supplemental security income (SSI) payments.[42] In response to that correspondence, Johnson submitted a "Work Activity Report" to the federal government on July 3, 2023, less than six months prior to the alleged accident at issue, which included the following written statement from Johnson:

> "*During the short period for ESS I became injured on the job, not being able to stand long, lift up, bend over hand to go to a doctor that order physical therapy. Ever since this job* **I have been in and out of the hospital due to physical pain in groin area, and <u>back and legs</u>. Suffered muscle spasms, muscle strain, muscle stiffness. I was fired from job due to my disability. He said I couldn't perform job duties and task. I am taking pain medications, and medication for spasms. I had to see two different specialist because of injury**."[43] *(Emphasis added.)*

On that same page, just above Johnson's signature, is the following declaration:

> "*I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statement or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives false or misleading statement about a material fact in this information, or causes someone else to do so commits a crime and may be sent to prison, or may face other penalties, or both.*"[44]

These Social Security records confirm beyond any doubt that Johnson was fully cognizant of his ongoing and longstanding history of lower back pain with radiculopathy as recently as July 2023

---

[42] "Exhibit "P", Certified Records from Social Security Administration, OSV 3945
[43] Id. at OSV 3951
[44] Id. at OSV 3952

when he chose to lie under oath during his deposition. It is apparent from these records that he will say whatever is necessary, true or not, in order to receive financial gain from others. He either lied to the Federal Government in order to receive SSI benefits or he lied in his deposition in attempt to receive financial gain from Offshore Service Vessels, with the latter appearing to be the irrefutable conclusion based on the medical records.

### III. CONCLUSION

Daniel Johnson knowingly lied under oath when he repeatedly denied experiencing any lower back pain or receiving treatment from sometime shortly after a minor accident in 2017 to the date of the alleged incident on December 24, 2023, thereby committing perjury. Consistent with the dictates from the Fifth Circuit, Johnson's decision to provide deceitful testimony in order to further his own pecuniary interests is the type of contumacious conduct which warrants a dismissal of his case. His deceit is directly related to the heart of the case and his claims of injuries in this lawsuit and cannot be condoned by this Honorable Court. "The proper administration of justice depends on people testifying truthfully under oath."[45]

Accordingly, defendants, Offshore Service Vessels, L.L.C. and Martin Davis, respectfully request that its Motion be granted, and that plaintiff's case against the defendants be dismissed with prejudice.

---

[45] Brown, 664 F.3d at 77

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.

BY:   s/Charles A. Mouton
       CHARLES A. MOUTON (17721)
       RICHARD J. HYMEL (20230)
       JARED L. FOTI (32813)
       P. O. Box 3089
       Lafayette, LA  70502
       600 Jefferson Street, Suite 1000 (70501)
       Phone  :   (337)266-2189
       E-mail :   cmouton@mandllaw.com
                  rhymel@mandllaw.com
                  jfoti@mandllaw.com

Counsel for Offshore Service Vessels, L.L.C.
and Martin Davis

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all

counsel of record in this proceeding by:

      (      ) Hand Delivery      (      ) Prepaid U. S. Mail

      (      ) Facsimile      (      ) Electronic Mail

      (  X  ) CM/ECF System

Lafayette, Louisiana this 22nd day of April 2025.

      s/Charles A. Mouton
      CHARLES A. MOUTON