## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DANIEL JOHNSON**                                      **CIVIL ACTION**

**VERSUS**                                                      **No. 24-2257**

**OFFSHORE SERVICE VESSELS, L.L.C., ET AL.**        **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff Daniel Johnson's ("plaintiff") counsel to withdraw as counsel of record. Plaintiff filed a response[2] in opposition seeking a "contradictory hearing" on the motion. Plaintiff contends that the Court's "scheduling-order contradiction" misled him and his counsel and thereby violated his due process rights.[3] Plaintiff also states in his motion that he never agreed to bifurcation of the trial and argues that such bifurcation is unnecessary.[4] Lastly, plaintiff requests that, if no resolution can be reached, counsel be appointed pursuant to 28 U.S.C. § 1915(e)(1).[5]

First, the motion[6] to bifurcate trial granted by the Court indicated that plaintiff did not oppose bifurcation.[7] The Court was also notified at the pretrial conference held on August 5, 2025, by plaintiff's then-counsel that plaintiff did not oppose bifurcation, and the Court agreed that bifurcation was appropriate in the

---

[1] R. Doc. No. 83.
[2] R. Doc. No. 84.
[3] *See id.* at 2.
[4] *See id.*
[5] *See id.* at 3.
[6] R. Doc. No. 65.
[7] *See id.* at 1–2.

above-captioned case. The Court will not reconsider its decision, made in the interest of convenience and judicial economy, to bifurcate the trial.[8]

Second, despite plaintiff's belief otherwise,[9] there is no right to a contradictory hearing pursuant to Local Rule 83.2.11.[10] The Local Rule requires only that the motion to withdraw contain the present address of the client, the client's telephone number, and a statement that the client has been notified of all deadlines and pending court appearances. *See* L.R. 83.2.11. The motion to withdraw includes all of this required information.[11]

The Fifth Circuit has explained that "an attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Williams v. Huntington Ingalls, Inc.*, 488 F. App'x 864, 866 (5th Cir. 2012) ("The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion."). "When evaluating whether to permit an attorney to withdraw, courts consider factors such as the reason withdrawal is sought, the

---

[8] *See* R. Doc. No. 67.

[9] *See* R. Doc. No. 84, at 1–2.

[10] Local Rule 83.2.11, titled "Continuing Representation, Withdrawals, Substitution of Counsel," states: "The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made."

[11] *See* R. Doc. No. 83, at 1.

prejudice the withdrawal may cause to the other litigants, the harm withdrawal may cause to the administration of justice, and the degree to which withdrawal may delay resolution of the case." *U.S. Equal Emp. Opportunity Comm'n v. Amy's Country Candles, LLC*, No. 17-6565, 2019 WL 2469740, at *1 (E.D. La. June 13, 2019) (Vance, J.) (internal quotations omitted). "'It is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted' by the withdrawal of counsel." *Id.* (quoting *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981)).

Present counsel moved to enroll as counsel of record for plaintiff in this matter on September 17, 2025.[12] The motion to withdraw indicates that counsel's enrollment was contingent on their understanding that a new scheduling order would be issued.[13] That understanding was corrected by the Court during the status conference held on September 24, 2025, and was further clarified in the minute entry issued after the status conference.[14]

Counsel represented at the status conference that it would file the present motion to withdraw,[15] and it notified plaintiff that same day, a mere week after it had enrolled as counsel, of its intention to withdraw.[16] To grant plaintiff time to secure new counsel and ensure that plaintiff was not prejudiced in his ability to prosecute his case as a result of this scheduling order misunderstanding and his

---

[12] *See* R. Doc. No. 78.
[13] *See* R. Doc. No. 83, at 1.
[14] *See* R. Doc. No. 82, at 1–2.
[15] *See id.*
[16] *See id.* at 1.

counsel's withdrawal, the Court continued plaintiff's pretrial conference and trial dates.[17]

Based on the foregoing, the Court finds that counsel has demonstrated good cause for withdrawal, provided plaintiff with sufficient notice, and complied with all the requisites of Local Rule 83.2.11. Accordingly, plaintiff's counsel will be permitted to withdraw.[18]

Finally, the Court finds that plaintiff is not entitled to appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, plaintiff is not proceeding *in forma pauperis* in this matter and, therefore, is not subject to § 1915.[19] *See Day v. Amazon.com Inc.*, No. 24-512, 2024 WL 6051481, at *1 (N.D. Tex. June 17, 2024). Even if plaintiff were subject to § 1915, the Court is unpersuaded by plaintiff's conclusory assertion that his case presents exceptional circumstances that justify appointment of counsel.[20] To determine whether such exceptional circumstances exist, the Court considers the following factors:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

---

[17] *See* R. Doc. No. 82, at 2.

[18] In addition, having reviewed the cases cited by plaintiff for the proposition that "[c]ourts have long held that court error should not prejudice a litigant," *see* R. Doc. No. 84, at 2, the Court finds they are inapplicable to the present issue.

[19] *See* R. Doc. No. 1.

[20] *See* R. Doc. No. 84, at 3.

*Byrd v. Lindsey*, 736 F. App'x 465, 467 (5th Cir. 2018). The court "may also consider the extent of the plaintiff's attempts to secure private counsel independently." *Id.* (internal alterations omitted).

Plaintiff's claim is neither unusual nor complex, and he has demonstrated, by his filings and communication with the Court, an ability to present and investigate his case. *See Naranjo v. Thompson*, 809 F.3d 793, 800 (5th Cir. 2015) (stating that the court may consider whether the plaintiff's "filings reflect basic competency in legal analysis and discovery procedure" when determining whether to appoint counsel). Although there is bound to be conflicting testimony in this case, the Court finds that the testimony to be presented in this case does not rise to the level of exceptional circumstances justifying appointment of counsel. *See Byrd*, 736 F. App'x at 468.[21]

Lastly, it is anticipated that both phases of the trial will last no more than two or three days.[22] Plaintiff has been able to secure three sets of counsel in this case to date and has not shown that he has been unable to retain new counsel.[23] The Court finds that plaintiff has not demonstrated he is entitled to appointed counsel. Accordingly,

---

[21] Plaintiff is encouraged to communicate with prior counsel in an effort to familiarize himself with prior discovery and Court orders.

[22] *See* R. Doc. No. 64, at 1.

[23] *See* R. Doc. No. 82, at 2.

**IT IS ORDERED** that the motion[24] is **GRANTED**. Stephen B. Murray, Jr. of the Murray Law Firm and George P. Vourvoulias, III, of The Maritime Injury Law Firm are **WITHDRAWN** as counsel of record for plaintiff in this matter.

**IT FURTHER ORDERED** that plaintiff's request for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order by regular and certified mail to plaintiff at 315 Amesbury Drive, Apt. 109, Lafayette, LA 70507.

New Orleans, Louisiana, October 7, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 83.