UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL JOHNSON**                                             **CIVIL ACTION**

**VERSUS**                                                      **No. 24-2257**

**OFFSHORE SERVICE VESSELS, L.L.C., ET AL.**                   **SECTION I**

### ORDER AND REASONS

Before the Court is plaintiff Daniel Johnson's ("plaintiff") motion[1] for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). Plaintiff asks this Court to reconsider its order[2] bifurcating the trial into separate liability and damages phases and its order[3] denying his request for appointed counsel.

With respect to the Court's decision to bifurcate the trial, plaintiff states that he "did not fully understand the procedural or substantive implications of bifurcation" when his then-attorney conveyed his non-opposition[4] to bifurcation.[5] Having researched the issue *pro se*, plaintiff is now concerned that bifurcation "could prejudice his ability to present a complete picture of his injury and loss," because he could be "restrict[ed] [in] the presentation of medical, vocational, and economic

---

[1] R. Doc. No. 87.
[2] R. Doc. No. 67.
[3] R. Doc. No. 86.
[4] *See* R. Doc. No. 65, at 3 (confirming conference with lead counsel for plaintiff and that there is no opposition to the motion to bifurcate trial).
[5] *See* R. Doc. No. 87, at 4.

evidence."[6] Plaintiff asks this Court to reconsider its order bifurcating trial because "his earlier non-opposition to bifurcation was not an informed or voluntary waiver, but the result of counsel's actions while still representing him."[7]

The Court bifurcated the trial in the above-captioned matter after discussing bifurcation with the parties' counsel at the pretrial conference[8] and careful consideration of the unopposed motion[9] to bifurcate trial filed by defendants Offshore Service Vessels, L.L.C. and Martin Davis. Independent from plaintiff's non-opposition, the Court found "it would be convenient and economical" to bifurcate trial.[10]

Federal Rule of Civil Procedure 42(b) states, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Fifth Circuit has stated that "[a] motion to bifurcate is a matter within the sole discretion of the trial court," which it "will not reverse . . . absent an abuse of that discretion." *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).

---

[6] *Id.* at 5.
[7] *Id.* Plaintiff also informs the Court that "it would have been procedurally improper for him to file any motion opposing bifurcation at the time it was entered because he was still represented by counsel." *Id.*
[8] *See* R. Doc. No. 64, at 1 ("The Court and the parties discussed the possibility of bifurcating the trial.").
[9] R. Doc. No. 65.
[10] *See* R. Doc. No. 67, at 1.

Even considering plaintiff's opposition and the arguments raised in his motion, the Court finds bifurcation of the trial in this matter into separate liability and damages phases is appropriate as it promotes convenience, judicial economy, and efficiency. The Court therefore denies plaintiff's motion to reconsider its decision to bifurcate the trial.

As for Johnson's request that the Court reconsider its denial of his request to appoint counsel, the Court finds, as it previously found, that plaintiff is not entitled to appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because he is not proceeding *in forma pauperis* in this matter.[11] *See Day v. Amazon.com Inc.*, No. 24-512, 2024 WL 6051481, at *1 (N.D. Tex. June 17, 2024) ("On June 17, 2024, [the plaintiff's] request to proceed *in forma pauperis* was dismissed as moot [because] he paid, on June 14, 2024, the full filing and administrative fees. Consequently, [the plaintiff] is not entitled to the appointment of counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1)."); *Byrd v. Lindsey*, 736 F. App'x 465, 467 (5th Cir. 2018) ("Under 28 U.S.C. § 1915(e)(1), a trial court is permitted to appoint counsel in *in forma pauperis* proceedings.").

Although plaintiff asks the Court to reconsider its decision by attempting to demonstrate that he can satisfy the factors that courts consider when deciding whether "exceptional circumstances" justify appointment of counsel, *see Byrd*, 736 F.

---

[11] *See* R. Doc. No. 1.

App'x at 467, he has not shown that he is entitled to appointment of counsel pursuant to § 1915(e).[12]

Accordingly,

**IT IS ORDERED** that plaintiff's motion[13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order by regular and certified mail to plaintiff at 315 Amesbury Drive, Apt. 109, Lafayette, LA 70507.

New Orleans, Louisiana, November 21, 2025.

```
                    _____
                        LANCE M. AFRICK
                   UNITED STATES DISTRICT JUDGE
```

---

[12] The Court sympathizes with plaintiff and is mindful of plaintiff's limitations with respect to representing himself *pro se*. *See, e.g.*, R. Doc. No. 87-3, at 5–7 (explaining plaintiff's results with respect to tests assessing his reading recognition, reading comprehension, math calculation, and math reasoning). Although the Court declines to appoint counsel or formally "facilitate volunteer counsel" as plaintiff requests, *see* R. Doc. No. 87, at 2, the Court suggests that plaintiff explore alternative pro bono legal services. *See, e.g.*, United States District Court Eastern District of Louisiana, *Legal Services Information*, https://www.laed.uscourts.gov/pro-se/legal-services-information.

[13] R. Doc. No. 87.